STATE OF WEST VIRGINIA

**In Re: K.F. Jr.**

**No. 13-0164** (Ohio County 09-CJA-82)

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Gerald G. Jacovetty Jr., appeals the Circuit Court of Ohio County's termination of his parental rights to K.F. Jr. by order entered January 24, 2013.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Joseph Moses, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in failing to grant him an improvement period and in terminating his parental rights to K.F. Jr.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The child at issue in these proceedings, K.F. Jr., was born in March of 2008. At that time, petitioner was incarcerated pursuant to his guilty plea to second degree robbery and had a projected discharge date of 2016. On October 20, 2009, the DHHR filed an abuse and neglect petition against petitioner and Respondent Mother, alleging that petitioner allowed Respondent Mother to inflict physical, emotional, and/or mental injury upon his son due to his incarceration. According to the petition, Respondent Mother was homeless and was sending portions of her social security checks to petitioner instead of using the money to secure housing. After filing an amended petition in regard to an additional father, the DHHR filed a second amended petition in April of 2012, alleging that petitioner was unable to supply K.F. Jr. with necessary food, clothing, shelter, supervision, and medical care because of his incarceration. On May 1, 2012, the circuit court held an adjudicatory hearing wherein petitioner attempted to stipulate to abandonment. However, the circuit court concluded that it could not find abandonment nor accept a stipulation to the same based on petitioner's testimony, ultimately finding that clear and convincing evidence

---

[1]The proceedings below also concerned Respondent Mother's four other children who are not petitioner's biological children. In his petition for appeal, petitioner raises no arguments as to these children. Therefore, these children are not addressed in this memorandum decision.

1

established that petitioner neglected K.F. Jr. A dispositional hearing was held on December 15, 2012, after which the circuit court terminated petitioner's parental rights.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's decision to terminate petitioner's parental rights without first granting him an improvement period. West Virginia Code §§ 49-6-12(a), (b), and (c) govern the various types of improvement periods available to parents in abuse and neglect proceedings, and subsection (1) of each of these code sections requires that the parent move, in writing, for an improvement period before a circuit court may grant the same. The record in this matter is devoid of any written motion from petitioner requesting an improvement period at any stage of the proceedings.

Further, the Court finds no merit in petitioner's argument that there are only two grounds upon which a circuit court may deny a parent an improvement period. In fact, West Virginia Code §§ 49-6-12(a), (b), and (c) all grant circuit courts discretion in granting or denying improvement periods. Additionally, subsections 2 of West Virginia Code §§ 49-6-12(a), (b), and (c) all require the moving parent to "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." In the present case, petitioner was precluded from fully participating in any proposed improvement period because of his incarceration. Because petitioner failed to comply with the statutory requirements for obtaining an improvement period and could not show that he was likely to fully participate in such an improvement period, the circuit court did not err in failing to grant him an improvement period prior to disposition.

As to petitioner's allegation that the circuit court erred in terminating his parental rights, the Court finds no error in this regard. West Virginia Code § 49-6-5(a)(6), in pertinent part, directs that circuit courts shall, "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child, terminate the parental, custodial and guardianship rights

and responsibilities of the abusing parent . . . ." In the instant case, the circuit court was presented with evidence that petitioner had no relationship with the child and had failed to follow through with a reasonable family case plan or other rehabilitative efforts designed to reduce or prevent the child's neglect by virtue of his inability to participate in services due to his incarceration. This includes evidence that petitioner was not scheduled to discharge his criminal sentence until 2016. While petitioner argued that he might be paroled in 2013, we have previously held that

> ". . . courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syllabus point 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Pursuant to West Virginia Code § 49-6-5(b)(3), petitioner's failure to follow through with a reasonable family case plan constitutes a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. For these reasons, the circuit court did not err in terminating petitioner's parental rights.

> Further, we have previously held that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). The Court notes that at disposition, the circuit court was presented with, and considered, evidence beyond petitioner's incarceration. This includes evidence that petitioner was continuing his relationship with Respondent Mother, whose parental rights had already been terminated, and that petitioner failed to produce any evidence that he provided financially for K.F. Jr. Additionally, it is clear that the circuit court also considered the elements outlined in *In re Cecil T.*, including the nature of the offense for which petitioner was incarcerated and the length of petitioner's incarceration in light of the child's best interests and need for permanency. The circuit court specifically stated that it did not know when petitioner would be released from incarceration, but that it may be as long as four years from the dispositional hearing. The circuit court also noted that the child, who suffers from separation anxiety, was thriving in the foster placement with his other siblings and that it

was in the child's best interest to remain there. For these reasons, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II